IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PETER DAVID WINEGARNER,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:08-CV-2232-N |
| § | | |
| **CINEMARK USA, Movie Theaters, Inc.,** § | | |
| et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court filed on May 5, 2009, Plaintiff's objections filed on March 31, 2009, have been referred to the United States Magistrate Judge for additional findings. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

On January 16, and March 2, 2009, the magistrate judge recommended that this *pro se*, fee paid action be dismissed *sua sponte* for lack of subject matter jurisdiction because Plaintiff had failed to plead the existence of federal question and diversity jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. §§ 1331 and 1332. The undersigned, concluded that Plaintiff sought to sue non-state actors (two private corporations and their employees) for civil rights violations under 42 U.S.C. § 1983, and that he could not establish complete diversity of citizenship. Since the court lacked subject matter jurisdiction, the undersigned noted that the district court could not exercise supplemental jurisdiction over any remaining state law claims.

On March 31, 2009, Plaintiff filed a pleading styled: "Plaintiff's Reply to Findings, Conclusions and Recommendation . . and Second Amended Original Filing" (hereinafter referred

to as "Objection/Second Amended Filing"). Primarily Plaintiff seeks to add civil rights claims under 42 U.S.C. § 1983 against the City of Lewisville and Police Detective Ryan Maly, arguably raising a federal question for purpose of federal question jurisdiction. *See* 28 U.S.C. § 1331. He also seeks to clarify the claims against the previously named defendants.

Rule 15(a)(1), of the Federal Rules of Civil Procedure, provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. 15(a)(2).

Even when liberally construed, in accordance with Plaintiff's *pro se* status, the Objection/Second Amended Filing fails to comply with Rule 8(a), of the Federal Rules of Civil Procedure.[1] As such the court cannot construe his pleading as an amended complaint for purposes of Rule 15(a)(1), and direct the clerk to add the newly named Defendants to the docket sheet. The District Court should order Plaintiff to file a first amended complaint in compliance with Rule 8(a) which contains all claims and all defendants he seeks to sue in this action. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (an amended complaint replaces and supersedes all previously filed pleadings).

---

[1] Rule 8(a) reads as follows:
A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff be GRANTED leave to file a first amended complaint in compliance with Fed. R. Civ. P. 8(a) to allege all claims and name all Defendants, including the City of Lewisville and Police Officer Ryan Maly.[2]

The original and supplemental findings, conclusions and recommendation of the magistrate judge (Doc. #3 and #6) are WITHDRAWN.

Signed this 8th day of May, 2009.

                                                     *Wm. F. Sanderson, Jr.*
                                                     WM. F. SANDERSON, JR.
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Because the events at issue in this case occurred within the City of Lewisville, in Denton County, venue is not proper in the Northern District of Texas. *See* 28 U.S.C. § 1391(b). When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). A district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice. *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

    Once Plaintiff has filed his first amended complaint, in compliance with Rule 8(a), the District Court should consider transferring this case in the interest of justice to the U.S. District court for the Eastern District of Texas, Sherman Division. *See* 28 U.S.C. § 124(c)(3).

    Should the court decide to keep the case, it should advise Plaintiff that, having paid the filing fee, he is responsible for obtaining issuance of summons from the Clerk's Office as to all Defendants named in his first amended complaint, and to effect service of process as required by Rule 4, of the Federal Rules of Civil Procedure. The record reflects that on May 6, 2009, Plaintiff requested the clerk to issue summons only with respect to three of the five Defendants named in the original complaint. (*See* Doc. #11). Plaintiff's failure to effect service within 120 days may result in the dismissal of the complaint. *See* Fed. R. Civ. P. 4(m).

3

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.