IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PETER DAVID WINEGARNER,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:08-CV-2232-N |
| § | | |
| **CINEMARK USA, Movie Theaters, Inc.,** § | | |
| **et al.,** § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se*, fee paid civil action.

Parties:  Plaintiff Peter David Winegarner ("Winegarner) is a resident of Coppell, Texas. Defendants are Cinemark USA, Inc., of Plano, Texas, Cinemark Movie 8 of Lewisville, Texas, and the following employees of Cinemark Movie 8 of Lewisville:  Manager Sarah Van Zandt, Roy Williams, and Daniel Soears (hereinafter the "Cinemark Defendants").[1]

Statement of Case:  Winegarner filed this action alleging civil rights violations, personal injury, and extortion stemming from Defendants Zandt, Williams, and Soears' decision on

---

[1] Plaintiff has yet to name Detective Ryan Mally as a defendant in an amended complaint in compliance with Fed. R. Civ. P. 8(a).  *See* Discussion *infra*.  As a result, the District Clerk's Office prematurely added him as a defendant to the docket sheet.

December 18, 2007, to close the Movie 8 theater in Lewisville earlier than its posted closing time, without providing any notice or otherwise warning customers that the movie theater was closed and that its doors were locked.  It appears that when Plaintiff tried to enter the movie theater, the overhead locking pins on the theater doors broke.  Thereafter, Defendants allegedly filed false witness statements with the Lewisville Police Department, resulting in the filing of criminal charges against Plaintiff in Denton County, Texas.  According to Winegarner, the charges were subsequently dismissed because the evidence was "weak."  In this action, Winegarner requests monetary and injunctive relief.

<u>Procedural History:</u>  On January 16, and March 2, 2009, the undersigned recommended that this action be dismissed *sua sponte* for lack of subject matter jurisdiction because Plaintiff had failed to plead the existence of federal question and diversity jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. §§ 1331 and 1332.  The undersigned, concluded that Winegarner sought to sue non-state actors (two private corporations and their employees) for civil rights violations under 42 U.S.C. § 1983, and that he could not establish complete diversity of citizenship.

On March 31, 2009, Winegarner filed a pleading styled:  "Plaintiff's Reply to Findings, Conclusions and Recommendation . . and Second Amended Original Filing" (hereinafter referred to as "Objection/Second Amended Filing").  Winegarner sought to add civil rights claims under 42 U.S.C. § 1983 against the City of Lewisville and Police Detective Ryan Maly, arguably raising a federal question for purpose of federal question jurisdiction.  *See* 28 U.S.C. § 1331.

Even when liberally construed, in accordance with Winegarner's *pro se* status, the Objection/Second Amended Filing failed to comply with Rule 8(a), of the Federal Rules of Civil Procedure.  As result, on June 26, 2009, the court accepted the undersigned's recommendation,

and ordered Plaintiff to file a first amended complaint within fifteen days, containing all claims and all defendants he sought to sue in this action. The order reiterated that the first amended complaint should be a stand-alone, complete document and in compliance with Rule 8(a) of the Federal Rules of Civil Procedure – i.e., it should name all parties being sued and their addresses, contain a jurisdictional statement, include a brief statement setting out the facts in support of Plaintiff's claims against the Defendants, and set out the relief requested. *See* Fed. R. Civ. 8(a)(1)-(3).

On July 13, 2009, rather than filing an amended complaint in accordance with the provisions of Rule 8(a), Winegarner filed a "Reply to Judge's Order, dated 6-26-09, Amended Original Filing in FRCP 8(a)(1-3), LR 7.2 Brief Form and Request for Waiver of Service from Opposing Counselor" (herein after referred to as response/amended complaint). (Doc. #24). It is clear that this latest pleading does not comply with the court's June 26, 2009 order.

Notwithstanding the absence of a Rule 8(a) compliant complaint, on July 31, 2009, the "Cinemark Defendants" moved for dismissal for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5) and, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e). (Doc. #26). Plaintiff filed a response objecting to the motion to dismiss.

Findings and Conclusions: Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.

3

1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Clearly Winegarner has been given an ample opportunity to submit a stand-alone, first amended complaint in compliance with Rule 8(a), which includes Detective Mally as a named defendant. He has repeatedly refused to do so.

Although the pleadings of a *pro se* litigant are liberally construed, the fact that a plaintiff is proceeding without services of an attorney does not absolve or excuse the *pro se* litigant from following the orders of the court or complying with the applicable Federal Rules of Civil Procedure. While it is not uncommon for *pro se* litigants – particularly incarcerated persons – to be unschooled or of below average intelligence, the copious citation to case law and statutes in the pleadings which Winegarner has filed in this action removes any doubt with regard to his intelligence or ability to understand the orders of the court. It is clear that he has chosen deliberately to fail to comply with the Federal Rules of Civil Procedure – including Rule 4, discussed *infra* – and the orders of this court. Therefore, this action should be dismissed without prejudice for want of prosecution.[2] *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

Alternatively, if it be determined that Plaintiff's pleadings are sufficient to warrant consideration of the Cinemark Defendants' motion to dismiss for insufficient service, their

---

[2] At the present time no statute of limitations bar is implicated.

motion should be granted.[3]  Federal Rule of Civil Procedure 12(b)(5) authorizes the court to dismiss a case for "insufficient service of process."  Due process under the United States Constitution requires that before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 409 (1987).  Rule 4(c), of the Federal Rules of Civil Procedure, places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c) (1); *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).  In making such a determination, the court "must look outside the complaint" to determine what steps, if any, the plaintiff took to effect service.  *Morris v. Liberty Mut. Ins. Co.*, 2009 WL 1941203, *1 (E.D. La. 2009).

Various provisions under Rule 4 describe the method of service for particular defendants. Federal Rule of Civil Procedure 4(h) governs service upon corporations and advises that:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation ... that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 4(e)(1), which is referenced in the above rule, provides

---

[3] For the reasons stated above, the magistrate judge does not believe that the motion to dismiss needs to be addressed, i.e., a Rule 41(b) dismissal would render the said motion moot.

for service upon an individual "pursuant to the law of the state in which the district court is located, or in which service is effected . . ." Fed. R. Civ. P. 4(e)(1).  Texas, the state in which this court is located, provides that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age and who is not a party to or interested in the outcome of the suit may serve any process.  Tex. R. Civ. P. 103.  Under Texas Rule of Civil Procedure 106(a)(2), a person authorized by Texas Rule of Civil Procedure 103 may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."

Plaintiff did not comply with either federal or state rules in effecting service of process.  The returns of service reflect that none of the Cinemark Defendants was personally served.  *See* Returns of Service filed on May 26, 2009 (Docs. #14-17).  Rather, Plaintiff caused summonses to be hand-delivered by his ex-wife, Pamela Winegarner, to a receptionist at the offices of the law firm of Wick Phillips, LLP.

In response to Defendants' motion to dismiss, Plaintiff merely asserts that service of process was proper on defense counsel because he represents the defendants.  As noted above, neither the federal nor the state rules permit service of process to be effected by serving an attorney who represents a defendant.  In addition, the fact that defendants may have received notice of this civil action is insufficient for service of process.  *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir.1988).  Likewise Plaintiff's *pro se* status does not exempt him from complying with the rules of service.  *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (per curiam); *Heirs of Estate of Anderson v. Sun Oil Crude*, 2007 WL 2592392, *3 (E.D. Tex. 2007). Accordingly, service of process on the Cinemark Defendants is insufficient.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this case be dismissed without prejudice for want of prosecution, *see* Fed. R. Civ. P. 41(b), and that Plaintiff's "Open Records Request under the Freedom of Information Act (FOIA)" (Doc. #23 and #24) be denied as moot.[4]

In the alternative, it is recommended that the court grant the Cinemark Defendants' motion to dismiss for insufficient service of process (Doc. #26) and dismiss this case without prejudice.

A copy of this recommendation will be transmitted to Plaintiff and counsel for the Cinemark Defendants.

Signed this 31st day of August, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[4] In the event Winegarner chooses to re-file this action, he should file it in the United States District Court for the Eastern District of Texas, Sherman Division, since all events occurred in that district.